IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIH INTERNATIONAL LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 13-1330-RGA |
| : | |
| BANYAN HEALTH CARE : | |
| PRODUCTS INC., : | |
| : | |
| Defendant. : | |

## MEMORANDUM ORDER

Defendant has filed a "Motion to Dismiss the [Amended] Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) or in the Alternative Fed. R. Civ. P. 12(d)." (D.I. 17). It has been fully briefed. Oral argument would not be helpful.

The parties stipulated to multiple extensions of time, apparently to see if the case could be resolved.[1] Unfortunately, it was not.[2]

---

[1] The Defendant says it has one employee. It also asserts that it stopped selling the accused infringing products the day the lawsuit was filed. It further appears that damages for any pre-suit infringement are likely to be limited to no more than a six-month period of time, since Plaintiff relies upon having marked its products to give notice of the patent, but did not acquire the patent until six months before the lawsuit was brought, suggesting that any period of marking must have been quite limited.

[2] Given what the Court infers about the low dollar value of any infringement, and the possibility that there is no continuing infringement, the Court would certainly encourage the parties, as soon as possible, to further define the extent of their dispute, including, at a minimum, by exchanging actual evidence of when Plaintiff began marking its product, when Defendant stopped selling the accused products (*see* D.I. 19, ¶ 9), and the amount of Defendant's revenues/profits from sales of the accused products during the time period defined by the above. Some information related to these topics is in the record. (*Id.*). I might infer that sales for six months of infringing products could not exceed $522,000, and if a reasonable royalty was 5%, damages might be no more than $26,100. If the parties believe early mediation would be

By the time of Defendant's Reply Brief (D.I. 23), the Defendant was primarily arguing that the Court should construe various terms of the patent and grant summary judgment. The Court has a standard sequence for managing patent cases, and doing claim construction and considering a motion for summary judgment as the first responsive pleading is not a part of that procedure. Thus, the motion for summary judgment (D.I. 17) is **DENIED**.

The motion to dismiss has more merit. I believe the claim of direct infringement complies with Form 18, and therefore I will not dismiss it. Plaintiff's claim of contributory infringement is not factually supported, and I do not believe it makes legal sense either. The patent claims are apparatus claims. Plaintiff alleges Defendant sells the apparatus – a corset – to others, who then resell it. I do not see anything in the Amended Complaint from which I could infer that Plaintiff sells a component of a patented product. Thus, I will dismiss the claims of contributory infringement. Plaintiff alleges "joint infringement," but the patent does not make method claims, which is where the joint infringement doctrine typically may apply. Thus, I will also dismiss the joint infringement claims. As to the claims of willfulness and indirect infringement, the major basis for stating that the Defendant had pre-suit knowledge of the patent is that the Defendant infringes the patent. This is insufficient.

Thus, the motion to dismiss (D.I. 17) is **GRANTED IN PART AND DENIED IN PART**. All claims other than direct infringement are **DISMISSED**.

IT IS SO ORDERED this 28th day of May 2014.

_____
United States District Judge

---

helpful, they should so advise the Court.